IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JUSTIN ABROMEIT, | ) | CR 09-93-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA RAIL LINK, INC., | ) | |
| a Montana corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  Introduction

Justin Abromeit brought this action against his employer, Montana Rail Link, Inc. ("MRL"), alleging MRL's negligent actions led to his sustaining workplace injuries on two occasions.  His Complaint makes claims under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA").  MRL moves for summary judgment, arguing that Abromeit should be limited to pursuing claims under the laws and regulations he has previously identified and that none of

the identified law and regulations provides a basis for recovery. The motion is not well taken.[1]

## II.  Factual Background

In April 2008, Abromeit was employed by MRL as a maintenance-of-way employee. Def.'s Statement of Undisputed Facts ("SUF"), ¶ B. He alleges that, while he was using a hydraulic hammer to insert railroad spikes into ties, the attached hydraulic hose became entangled in the railroad ties, causing Abromeit to be pulled onto the track and injuring him. Id. at ¶¶ B-C. In November 2008, Abromeit was performing a walking inspection of MRL's railroad yard in Paradise, Montana. He claims he lost his footing when the surface of the track adjacent to a new railroad tie gave way, causing him injury and exacerbating his earlier injury. Id. at ¶ E. Abromeit states that he was instructed to walk between the tracks while performing the inspection and there were no walkways maintained in the area where he fell. Pl.'s Statement of Genuine Issues ("SGI"), ¶¶ 2, 4.

Abromeit's Complaint stated that his claims were based on the "Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. and associated statutes, rules, and regulations." Compl., ¶ 5 (dkt #1). In his Preliminary Pretrial Statement, Abromeit stated that he "brought his claims pursuant to the Federal Employer's

---

[1] See, 15(b)(1) & (2), F. R. Civ. P.

Liability Act, 45 U.S.C. §51, et seq., the rules and regulations of the Federal Railway Administration 49 C.F.R., Part 200, et seq." Pl.'s Prelim. Pretrial State. at 3, 7-8 (dkt #5). He also stated that his claims of negligence were based on MRL's failure to comply with regulations, including regulations set forth in 49 C.F.R. § 213.334. Id. at 8. Abromeit mentions that contributory negligence "is not a defense to claims based upon violations of the Safety Appliance Act or safety rules and regulations promulgated by the Federal Railway Administration such as 49 C.F.R. § 213.334." Id. at 9.

In a deposition, Abromeit identified violations of internal MRL regulations as a basis for his claims. SUF, ¶ J. In response to an interrogatory by MRL, Abromeit stated that his claim was based on a violation of 45 U.S.C. § 51 and an MRL "Maintenance of Way Standard Practice Circular No. 1." Id. at ¶ K, Def.'s Ex. B. at 2 (dkt #10-2). Abromeit disclosed an expert opinion, pursuant to Fed. R. Civ. P. 26(a)(2), that concluded MRL had been negligent in several respects, including, among other things, using of a hydraulic spike that exceeded the maximum recommended weight, failing to develop a safety policy regarding lifting limits and conditions, failing to use sleeves to tie hydraulic hoses together, and failing to use a Speed Swing to suspend hydraulic hoses. The opinion also stated that, "Due to the nature of railroad beds being loose ballast and unstable at

times is likely to cause slipping while moving heavy objects" [sic].  Def.'s Ex. D at 2-3 (dkt #10-4).

### III.  Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

### IV.  Analysis

**A.   Abromeit is limited to the legal theories he has raised at this point in the litigation, including a claim of negligence arising under 45 U.S.C. § 51.**

Federal Rule of Civil Procedure 26 directs parties to provide broad disclosure regarding the basis for their claims against an opposing party.  The Local Rules require a party to file a preliminary pretrial statement disclosing the legal theory underlying each claim.  L.R. 16.2(b)(1)(D).  "[D]iscovery is designed

to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355 (Fed. Cir. 2006). A court has discretion to exclude a claim if a party fails to include notice of the legal basis of the claim in either its pleadings or a pretrial order. See Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 719 (9th Cir. 2004).

MRL argues Abromeit should be limited at trial to relying only on those legal theories that he has already disclosed to MRL during this litigation. Other than Abromeit's general reliance on 45 U.S.C. § 51, MRL notes only one specific regulation Abromeit has identified as underlying his claims: 49 C.F.R. § 213.334.

Abromeit's response does not explicitly address this argument by MRL. But, to adopt MRL's position would require an evisceration of Rule 15(b) F. R. Civ. P., or disregard of it in the context of what is known here and claimed by Plaintiff. Abromeit insists his claim is based on general negligence under 45 U.S.C. § 51 and MRL's alleged failure to comply with its internal rules, which Abromeit argues is proof of negligence. See e.g. Ackley v. Chicago & North Western Transportation Co., 820 F.2d 263, 268 (8th Cir. 1987) ("[A] railroad has

the duty to promulgate and enforce safety rules, and evidence of its failure to do so may be considered by the jury in assessing the employer's negligence in a FELA action."). Whether an applicable internal rule was violated and whether such violation led to Abromeit's injuries is a factual dispute to be resolved at trial. Abromeit's Complaint, preliminary pretrial statement, and responses to discovery put MRL on notice that he was raising his claim under 45 U.S.C. § 51, and his pretrial statements also referenced MRL's internal operating rules and regulations. Abromeit may proceed under a general negligence claim arising under 45 U.S.C. § 51. Polar Bear Productions, Inc., 384 F.3d at 719.

MRL contends Abromeit has identified a strict liability claims under 49 C.F.R. § 213.334, and has not disclosed any other laws or regulations that form the basis for a strict liability claim. However, Abromeit's response does not indicate any of his claims are premised on strict liability and, as stated below, he asserts no claims under 49 C.F.R. § 213.334. To the extent he attempts to raise a strict liability claim, he is precluded from doing so. Polar Bear Productions, Inc., 384 F.3d at 719.

**B.    Based on Abromeit's statements, his claims are not based on violations of 49 C.F.R. § 213.334 or the Federal Safety Appliance Act.**

MRL argues that, in Abromeit's preliminary pretrial statement and during discovery, he asserted his claims were brought pursuant to 49 C.F.R. § 213.334 ,

which regulates railroads and tracks operated at high speeds, and the Federal Safety Appliance Act, 49 U.S.C. §§ 20301-20306, which imposes liability on railroads to provide and maintain certain safety appliances.  MRL asserts 49 C.F.R. § 213.334 is not applicable because the types of trains it affects are not at issue and the Federal Safety Appliance Act regulates particular types of appliances that are not relevant here.

Abromeit's Preliminary Pretrial Statement reasons that his claims rely on both 49 C.F.R. § 213.334 and the Federal Safety Appliance Act . However,  his response in the briefing here represents that he is not asserting any claims pursuant to either 49 C.F.R. § 213.334 or the Federal Safety Appliance Act.  The statement in his response brief is an admission that he is not pursuing such claims.  See American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224 (9th Cir. 1988) ("[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court.").  MRL's motion for summary judgment as to claims under these two sections is moot.

**C.   Federal ballast regulations do not preclude Abromeit's second claim.**

The Federal Railroad Safety Act ("the Act") is intended to promote safety in railroad operations "and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.  Regulations promulgated under the Act address ballast

construction. Ballast "is the stone or other material placed underneath and around railroad tracks to provide the structural support, drainage, and erosion protection necessary for safe rail travel." Nickels v. Grand Trunk Western Railroad, Inc., 560 F.3d 426, 428 (6th Cir. 2009). The regulations require that:

> Unless it is otherwise structurally supported, all track shall be supported by material which will --
> (a)   Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;
> (b)   Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;
> (c)   Provide adequate drainage for the track; and
> (d)   Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. § 213.103. The regulations also address the proper construction, number, and type of cross ties required on different types of tracks. 49 C.F.R. § 213.109.

The Act preempts certain state laws, but states may enact regulations related to railroad safety, so long as "the law, regulation, or order (A) is necessary to eliminate or reduce an essentially local safety or security hazard; (B) is not incompatible with a law, regulation, or order of the United States Government; and (C) does not unreasonably burden interstate commerce." 49 U.S.C. § 20106(a)(2). If a cause of action would be preempted by the Act if brought under

state law, the cause is likewise precluded by the Act if it is brought under FELA.[2]
Nickels, 560 F.3d at 430. For the Act's regulation to preempt an action, a party "must establish more than that they 'touch upon' or 'relate to' that subject matter, and must show that "the federal regulations substantially subsume the subject matter" of the claim. CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 664 (1993).

A California district court concluded that state regulations were not preempted by the Act when they required railroads to maintain minimum distances between freight cars and structures and to build walkways on either side of the tracks in order to provide a safe working environment. S. P. Transp. Co. v. Pub. Util. Commn. of Cal., 647 F. Supp. 1220, 1222, 1225 (N.D. Cal. 1986), aff'd, 820 F.2d 1111 (9th Cir. 1987). The court stated that the Act, including the ballast regulations in 49 C.F.R. § 213.103, did not have a preemptive effect because the federal regulations "are designed to insure that tracks have adequate support," not to "address[] the concern that employees have a safe working environment near railroad tracks." Id. at 1225.

Similarly, an Arkansas district court concluded the Act did not preclude a railroad employee from bringing a FELA action based on a workplace injury that

---

[2] Preemption analysis only applies to conflicts between federal and state law, but courts have concluded that FELA claims may be precluded under a similar analysis, based on the Act's policy of ensuring uniformity in railway safety. See Davis v. Union Pacific Railroad Co., 598 F. Supp. 2d 955, 957 (E.D. Ark. 2009).

arose when he was injured by walking on loose ballast. Davis v. Union Pacific Railroad, 598 F. Supp. 2d 955, 959 (E.D. Ark. 2009). The plaintiff argued there should have been safe walkways that did not require walking on loose ballast. The court reasoned that the regulations are "concerned with the track and its immediately adjoining area and not with railroad yards. The obvious concern [of the Act], moreover, is with the safety of the train, the prevention of derailments, and not the quality of the work place provided for employees." Id. (quotation omitted). Further, the court noted that "[a]lmost every court has concluded that [the Act] is silent on the question of walkways. The regulations are directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees who must inspect the trains." Id. at 958 (quotation omitted).

     Other courts have concluded that FELA claims are precluded by the Act if the alleged injury was caused by ballast conditions. E.g. Nickels, 560 F.3d at 433. See also Crabbe v. Consolidated Rail Corp., 2007 WL 3227584 (E.D. Mich. Nov. 1, 2007) (concluding that a FELA claim for a workplace injury was precluded by the Act where plaintiff argued the defendant railroad negligently used improper sized ballast). In Nickels, a FELA action was precluded where the injuries arose from a railroad's alleged use of improperly sized ballast. Id. at 431. The court concluded that, "[r]ather than prescribing ballast sizes for certain types or classes

of track, the regulation leaves the matter to the railroads' discretion so long as the ballast performs the enumerated support functions. In this way, the regulation substantially subsumes the issue of ballast size." Id.  However, the dissent disagreed, concluding the regulations "are primarily concerned with providing a stable track and roadbed.  The provisions are essentially silent with respect to conditions of the walkways directly adjacent to the track." Id. at 434 (footnote omitted) (Rogers, J., dissenting).

MRL insists the Act preempts Abromeit's second claim because the claim is based on inadequate ballast construction, which is regulated by 49 C.F.R. §§ 213.103, 213.109.  The second claim alleges that on November 127, 2008, Abromeit was injured by losing his footing "when the surface of the ground of the track adjacent to a new railroad tie gave way."  Compl., ¶ 17.  Abromeit's Preliminary Pretrial Statement elaborates on this claim, stating that on November 17, Abromeit was ordered to perform a walking inspection of the rail yard, and while he was performing this inspection, the ground gave way near the new tie, causing his fall.  Pl.'s Prelim. Pretrial State. at 5-6 (dkt #5).  The expert disclosure also opined that loose ballast may be unstable and cause slipping while moving heavy objects.   Def.'s Ex. D at 2-3 (dkt #10-4)

Abromeit's second claim, that he fell when the ground around a new tie

gave way, is not precluded by the Federal Railroad Safety Act. Whether the area where Abromeit fell was safe for workers is not "substantially subsume [d]" by the regulations on ballast construction. CSX Transp., Inc., 507 U.S. at 664. As the California district court concluded, and the Ninth Circuit confirmed, "the concern that employees have a safe working environment near railroad tracks" is not directly address by the ballast regulations under the Act. S. P. Transp. Co., 647 F. Supp. at 1225 (N.D. Cal. 1986), aff'd, 820 F.2d 1111 (9th Cir. 1987). While Abromeit's expert report briefly mentions the condition of the ballast, as in Davis, the report alleges the loose ballast contributed to Abromeit's injuries. This alone is not enough for the Act to preclude the claim because 49 C.F.R. §§ 213.103, 213.109 do not address safety conditions and the "quality of the work place provided for employees." Davis, 598 F. Supp. 2d at 959. While MRL relies on Nickels, given the Ninth Circuit's opinion affirming the California regulations requiring walkways around tracks for worker safety, it would be inappropriate to rely on the reasoning in Nickels to bar this claim by Abromeit. MRL may have been in full compliance with the ballast regulations, but such compliance merely "insure[s] that tracks have adequate support." S. P. Transp. Co., 647 F. Supp. at 1225. Compliance with the regulations does not address the issue of workplace safety raised by Abromeit. His second claim is not precluded by the Act.

## V. Conclusion

MRL's motion for summary judgment (dkt #9) is DENIED. MRL's motion as to claims under 49 C.F.R. § 213.334 and the Federal Safety Appliance Act is DENIED as moot. MRL's motion as to preclusion by the Federal Railroad Safety Act is DENIED.

Dated this 15th day of September, 2010.

```
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
```